**UNITED STATES ex rel. Wallace Mack WALTERS, Relator-Appellant,**

v.

**Frederick REINCKE, Warden, Connecticut State Prison, Respondent-Appellee.**

No. 130, Docket 34031.

United States Court of Appeals, Second Circuit.

Argued Nov. 13, 1970.

Decided Dec. 2, 1970.

1.  See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 [5th Cir., 1970].

**150**

Melvin L. Wulf, New York City (Jerome E. Caplan, Hartford, Conn. on the brief), for relator-appellant.

Arlen D. Nickowitz, Asst. State's Atty. (Joseph T. Gormley, Jr., State's Atty., for Fairfield County, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge and SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

We affirm the order of the district court of June 24, 1969 which dismissed the petition of Wallace Mack Walters for a writ of habeas corpus for the reasons stated in Judge Blumenfeld's opinion.

Walters was convicted of first degree murder in the Superior Court of Connecticut for Fairfield County on June 26, 1956 and sentenced to life imprisonment. He challenges the constitutionality of his state murder conviction on the ground that a written exculpatory statement, and oral statements made to a coroner, which were used to impeach his testimony at his state trial, were taken from him involuntarily in violation of due process clause of the Fourteenth Amendment.

The essential elements of Walters' claim were that (1) his arrest was illegal; (2) at the time the statements were made, he had been confronted with evidence illegally seized from his car and apartment; (3) at the time the statements were made, he had been deprived of the assistance of counsel; (4) he had not been warned of his rights; (5) the statements were made after lengthy interrogation by the police; and (6) the petitioner only had four and one-half years of education.

The district court carefully considered all of these allegations. In order to decide the question of voluntariness, Judge Blumenfeld held a hearing on April 21, 1969 at which Walters himself testified. Superintendent Walsh of the Bridgeport Police Department and Dominick Conti also testified. Both were lieutenants of detectives in 1956.

While there was conflicting testimony on some issues, such as whether Walters had requested an attorney during interrogation, there was ample evidence to support Judge Blumenfeld's findings of fact and his conclusion that Walters was free to speak or remain silent and that his statements, in which he sought to establish his innocence, were voluntarily made under the standards prevailing before Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966) and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Affirmed.